UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Bernard Barratt
      Petitioner
)
)
v.                                           )
)
David Winn,                                  )
Warden of Devens FMC                         )
      Respondent                             )
)



### PETITION FOR A WRIT OF HABEAS CORPUS

## 05-40085

**NOW COMES** the Petitioner, Bernard Barratt, by and through his attorney Dawn Worsley Caradonna, and hereby asks this honorable Court to order his immediate release from the custody of the Bureau of Prisons pursuant to 28 U.S.C. §2263. Although the order of incarceration imposed by the United States District Court for the District of Vermont, (Case number 1:99-CR-12-01) has expired, the Bureau of Prisons has refused to release him. Mr. Barratt should have been released on May 6, 2005, but continues to remain incarcerated. For that reason, he asks this honorable Court to schedule an immediate hearing.

In **SUPPORT** of this motion, Mr. Barratt states:

1. Petitioner Bernard Barratt is currently incarcerated at Devens FMC in Ayer, MA. This Court has jurisdiction to hear this case and grant a writ of habeas corpus pursuant to 28 U.S.C. §2263.

Law Office of
Dawn Worsley Caradonna
193 Kinsley St.
Nashua, NH 03060
(603) 546-0321

2. On May 15, 2000, Mr. Barratt pled guilty to one count of knowingly possessing a stolen firearm in violation of 18 U.S.C. §922(j) and 18 U.S.C. §924(a)(2).

3. The United States District Court for the District of Vermont sentenced Mr. Barratt as follows: "The defendant is herby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 96 months, to be served concurrently with any State sentence to be imposed on any pending charges resulting from defendant's arrest on April 15, 1998 and any State charges for which defendant has been sentenced related to this offense. It is the Court's intention that defendant be credited with time served since his arrest on April 15, 1998." Judgment (Addendum A) at 2.

4. On or about 2/16/2005, Mr. Barratt filled out an inmate request asking for verification from the institution that he would in fact be credited for the time he served after he was arrested on April 15, 1998. Addendum B.

5. On 3/21/2005, the "Legal Instruments Examiner" for the institution confirmed that Mr. Barratt was incarcerated from 4/16/1998 until 12/1/1998. Addendum C. However, the Examiner responded "According to BOP Policy, in order for a sentence to run concurrent, the state and federal sentence must run concurrent to each other. In this case, the state sentence was over by the time a federal sentence was imposed." Id.

6. Pursuant to 18 U.S.C. §3585 II (D)(b)(1) "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was

imposed"

7. The Legal Examiner also concluded "You received State jail credit for this. It is not possible to receive both State and federal jail credit." Addendum C.

8. Pursuant to 18 U.S.C. §3584 II (D) "Multiple terms of imprisonment imposed at different times run consecutively **unless the court orders that the terms are to run concurrently.**" (emphasis added).

9. In this case, Mr. Barratt was incarcerated from April 15, 1998 until December 1, 1998 for the same offense as his Federal charge. Therefore, he was entitled to a credit on his Federal sentence for time he spent in State custody. Additionally, the Court **ordered** Mr. Barratt's sentence to run concurrently to any related State charge - whether the State sentence was imposed before or after the Federal charge. If a Federal judge orders a Federal charge to run concurrently to a State charge, it runs concurrently.

10. Mr. Barratt should have received credit for the time he spent incarcerated between April 15, 1998 and December 1, 2995. If he had been credited with that time, he would have been released on May 6, 2005. Therefore, he asks this honorable Court to order the Respondent and the Bureau of Prisons to release him immediately.

**WHEREFORE**, Mr. Barratt prays this Honorable Court:

A. Order the Respondent, a Representative of the Bureau of Prisons to immediately release Mr. Barratt; or

Law Office of
Dawn Worsley Caradonna
193 Kinsley St.
Nashua, NH 03060
(603) 546-0321

B. Schedule an immediate hearing;

C. And for such other relief as may be just.

Dated: 5/19/2005

Respectfully Submitted,
Bernard Barratt
By his attorney

Dawn Worsley Caradonna, Esq.
Law Office of Dawn Worsley Caradonna
193 Kinsley St.
Nashua, NH 03060
(603) 546-0321

CERTIFICATE OF SERVICE

I, Dawn Worsley Caradonna certify that a copy of this motion has been mailed to David Winn, Warden at Devens FMC, Po Box 880, Ayer, MA. 01432 on this 19th day of May 2005.

Dawn Worsley Caradonna, Esq.

# United States District Court
## DISTRICT OF VERMONT

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| BERNARD C. BARRATT | Case Number: 1:99-CR-12-01 |
| | Thomas Zonay, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1 of the Superseding Information**
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922 (j); 924(a)(2) | Knowingly possessed stolen firearm | 4/15/1998 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) **1 and 2 of the Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: [redacted]
Defendant's Date of Birth: 07/09/1955
Defendant's USM No.: 04207-082
Defendant's Residence Address:
**Woodstock Regional Correctional Facility**
**Woodstock, VT 05091**
**LKA: Lowell Trailer Court, Putney, VT**
Defendant's Mailing Address:
**Woodstock Regional Correctional Facility**
**Woodstock, VT 05091**
**LKA: Lowell Trailer Court, Putney, VT**

05/15/2000
Date of Imposition of Judgment

/s/ J. Garvan Murtha
Signature of Judicial Officer

**Honorable J. Garvan Murtha**
**Chief U.S. District Judge**
Name and Title of Judicial Officer

05/15/2000
Date

I hereby attest and certify on 5/15/2000 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: /s/ Deputy Clerk

JUDGMENT ENTERED ON DOCKET
DATE: 5/15/00

ANT: BERNARD C. BARRATT
NUMBER: 1:99-CR-12-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **96 months**, **to be served concurrently with any State sentence to be imposed on any pending charges resulting from defendant's arrest on April 15, 1998, and any State charges for which defendant has been sentenced related to this offense. It is the Court's intention that defendant be credited with time served since his arrest on April 15, 1998.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Partial Return: The subject was turned over to the Airlift at Manchester, NH on 6/8/00 for further transfer.

John H. Sinclair
United States Marshal

By: _____
Deputy U.S. Marshal

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

United States Marshal

By _____
Deputy U.S. Marshal

NT: BERNARD C. BARRATT
NUMBER: 1:99-CR-12-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 4

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BERNARD C. BARRATT
CASE NUMBER: 1:99-CR-12-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the U. S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the Probation Officer based on ability to pay or the availability of third party payment. The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall participate in a mental health program approved by the U. S. Probation Office. The defendant shall contribute to the cost of services rendered in an amount to be determined by the Probation Officer based on ability to pay or the availability of third party payment.

BERNARD C. BARRATT
NUMBER: 1:99-CR-12-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  . . . . . . . . . . . .  _____

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ 0.00   $ 0.00

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: BERNARD C. L... RATT
CASE NUMBER: 1:99-CR-12-01

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $_____ immediately, balance due (in accordance with C, D, or E ); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

*2nd Request 3/7/05 Copy*

BP-S148.055 INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Mr. S. Gagnon, ISM | DATE: 2/16/05 |
|---|---|
| FROM: B. Barratt | REGISTER NO.: 04207-082 |
| WORK ASSIGNMENT: Recreation | UNIT: H-A |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

Dear Mr. Gagnon:

    I am writing to ask for <u>nunc pro tunc</u> designation of the State prison in which I was incarcerated as the place of confinement for my federal sentence. As per <u>McCarthy v. Doe</u>, 146 F.3d 118 (2nd Cir. 1998)(Murtha, J) and P.S. 5160.03, my federal sentence was ordered to be served concurrently with any State sentence to be imposed on any pending charges resulting from my arrest on April 15, 1998, and any State charge for which I was sentenced related to this offense. Judge Murtha also ordered that I be credited with time served since my arrest on April 15, 1998. <u>See</u> arttached page 1 & 2 of my Judgment & Committment.
    It should be noted that my State charge was related to my federal charge and that I believe that the State charge from Windham County District Court was dismissed in 1999 on appeal for a defective warrant.
    Please respond in writing at your earliest convenience.

Sincerely, *Bernard Barrett*

(Do not write below this line.)

DISPOSITION:

*1st Request was never received.*



RECEIVED
MAR 9 2005
FMC DEVENS
ISM DEPARTMENT

| Signature Staff Member: | Date: |
|---|---|

Record Copy – File; Copy – Inmate                This form replaces BP-148.070 dated Oct

RESPONSE TO INMATE REQUEST TO STAFF

BARRATT, Bernard
Reg. No. 04207-082
Unit: H-A

According to BOP Policy, in order for a sentence to run concurrent, the state and federal sentence must run concurrent to each other. In this case, the state sentence was over by the time a federal sentence was imposed.

Another probability was giving you jail credit from 4-16-1998 to 12-1-1998, however, you were given a State sentence on 12-1-1998 for time served. You received State jail credit for this. It is not possible to receive both State and federal jail credit.

Your request can not be done at the institution level and it has been forward to the region for a final decision or recommendation.

In addition, you stated, '...the State charge from Windham County District Court was dismissed in 1999...". The only charges dismissed from Windham County District Court was Docket #1612-9-98, Counts 1-7, Burglary, Uttering Forged Instrument Unlawful Trespass, False Personation, petit larceny, Contributing to Delinquent of Minor, were dismissed in 1999 and 2000.

3-21-05

_____
Legal Instruments Examiner