## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BERNARD BARRATT,

    Petitioner,

    v.

    **Civil Action No. 05-40085-WGY**

DAVID WINN,
Warden of Devens FMC,

    Respondent.

### MEMORANDUM OF LAW IN SUPPORT OF
### RESPONDENT'S MOTION TO DISMISS

#### BACKGROUND AND SUMMARY

Petitioner Bernard Barratt, Register Number 04207-082, is a federal inmate who has been

incarcerated at the Federal Bureau of Prisons ("BOP"), Federal Medical Center in Devens,

Massachusetts ("FMC Devens") since March 23, 2004, on a charge of knowing possession of a

stolen firearm in violation of 18 U.S.C. § 922(j) and 18 U.S.C. § 924(a)(2). Barratt's Petition

("Petition") at ¶¶ 1, 2. Barratt seeks habeas corpus relief in the form of immediate release from

BOP custody. Petition at ¶¶ 1 and A.[1]

Barratt contends that the 96 month Federal sentence imposed in the judgment by the

Federal District Court for the District of Vermont ("District Court") expired on May 6, 2005,

because the BOP has not credited him for time served in the custody of the State of Vermont on

---

[1]    Barratt asserts habeas corpus jurisdiction based on 28 U.S.C. § 2263 (habeas
corpus application time requirements and tolling rules), which governs habeas corpus
applications under 28 U.S.C. § 2254 (State custody; remedies in Federal Court). Because
Barratt is challenging the execution of a Federal sentence and he is being held at a Federal
facility, Sections 2263 and 2254 are not applicable. The Court's jurisdiction should be based on
28 U.S.C. § 2241. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).

state criminal charges from April 16, 1998, through December 1, 1998 (230 days) (the "1998

Sentence"). Barratt believes he should be credited with this time because the District Court

judgment includes (1) the District Court's direction that Barratt's Federal sentence be served

concurrently with any State sentence to be imposed on any pending charges resulting from his

arrest on April 15, 1998, and any State charges for which he has been sentenced, and (2) the

District Court's express intent that Barratt be credited for time served since his arrest on Vermont

State criminal charges on April 15, 1998. Petition at ¶¶ 3, 6, 8, 9, 10.

As explained more fully below, the BOP has accurately calculated Barratt's term of

imprisonment and full term release date, November 6, 2006, based on the statutory authority of

18 U.S.C. §§3584 and 3585, and the validity of this calculation is supported by substantial

Federal court precedent.[2] First, Barratt was credited with the 1998 Sentence by the State of

Vermont prior to the imposition of his Federal sentence. As a consequence, under 18 U.S.C. §

---

[2]      Although the Respondent addresses the merits of Barratt's Petition in this Motion,
the Respondent does not waive, and reserves the right to assert, any other defenses not addressed
in this Motion. Specifically, Barratt has failed to exhaust his available Administrative Remedies.
BOP records indicate that Barratt has not filed a Request for Administrative Remedy or any
subsequent Administrative Remedy Appeals at any level of the Bureau of Prisons' three tiered
system. Scannell Declaration, Document 1g, Administrative Remedy Generalized Retrieval.
Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative remedies
as are available" before bringing a civil action in federal court. 42 U.S.C. §1997e(a). Booth v.
Churner, 532 U.S. 731 (2001). With respect to habeas corpus petitions, it is well settled that
failure to exhaust each issue at all stages of the administrative remedy system is a proper basis
for dismissal. See United States v. Keller, 58 F.3d 884, 894 (2nd Cir. 1995) ("to obtain
sentencing credit under § 3585 a federal prisoner must first exhaust his administrative remedies
before seeking judicial relief"); United States v. Brann, 990 F.2d 98 (3d Cir. 1993); Arias v.
United States Parole Commission, 648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d
303 (3d Cir. 1973); DeVincent v. United States, 587 F.Supp. 494 (E.D.Va. 1984), aff'd, 746 F.2d
1471 (4th Cir.), cert. denied, 470 U.S. 1055 (1985). See also Moscato v. Federal Bureau of
Prisons, 98 F.3d 757 (3d Cir. 1996). Also, to date the Respondent has not received any order to
show cause or any other formal notification of Barratt's Petition in accordance with 28 U.S.C. §
2243.

3585(b), the BOP is precluded from granting Barratt any credit for the 1998 Sentence since it had been credited against another sentence. Second, Barratt's 1998 Sentence was served and discharged prior to the imposition of his Federal Sentence. Under 18 U.S.C. §3584 a Federal sentence can only run concurrently at the direction of the court if it is undischarged. Finally, notwithstanding the District Court's intentions expressed in the judgment, authority for calculation of Federal sentences is vested with the BOP and not the District Court.

Accordingly, Barratt's Petition should be dismissed.

## RELEVANT FACTS

1.   On April 15, 1998, Barratt was arrested by State authorities in the State of Vermont for Possession of Stolen Property and Violation of Conditions of Release. See Declaration of Stephanie Scannell, BOP Paralegal Specialist, attached as Exhibit 1 ("Scannell Declaration"), at Document 1d, Docket Report, Docket Number 568-4-98, from Vermont District Court, Unit 1, Windham Circuit.

2.   Barratt was released the same day on bail, but placed into State custody again on April 16, 1998, at the Woodstock Regional Correctional Facility. Id.

3.   Barratt was sentenced by the Vermont District Court for the Possession of Stolen Property on December 1, 1998, to a period of time served since April 16, 1998 (230 days). Id. The remaining charges on this docket were dismissed. Id.

4.   Thus, As of December 1, 1998, Barratt's State Court sentence was discharged and he was credited by the State of Vermont for the time he had served from April 16, 1998, through December 1, 1998. Id.

3

5.      On October 1, 1998, while being held in State custody on the State charges of Stolen Property and Violation of Conditions of Release (Docket Number 568-4-98), Barratt was arraigned in Vermont District Court on seven separate and additional charges. Scannell Declaration, Document 1e, Docket No. 1612-9-98, from Vermont District Court, Unit 1, Windham Circuit. On May 12, 1999, four of these charges were dismissed. Id. The remaining charges on this docket were dismissed on May 4, 2000. Id.

6.      On May 5, 2000, a memorandum was sent to the United States Marshals Service from the Vermont Department of Corrections, confirming that there were no additional pending State of Vermont charges and Barratt could be released to federal custody pursuant to an outstanding federal detainer. Scannell Declaration, Document 1f, Memorandum from P. Tepperman, Correctional Service Specialist, dated May 5, 2000.

7.      On May 15, 2000, Barratt was sentenced in the United States District Court for the District of Vermont to a 96 month term of incarceration with a three year term of supervised release to follow for Knowingly Possessing a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). Scannell Declaration, Document 1b, U.S. District Court, District of Vermont, Judgment and Commitment Order, U.S. v. Bernard C. Barratt, 1:99-CR-12-01; Barratt's Petition, Addendum A.

8.      Barratt's sentence was automatically computed at FMC Devens as follows:

      a.      The date computation began on Barratt's instant federal sentence was May 15, 2000, the date of imposition of the federal sentence. Scannell Declaration, Document 1c, FMC Devens Sentence Monitoring Computation Data.

      b.      Pursuant to 18 U.S.C. § 3585(b), Barratt received one day of jail credit for the date of April 15, 1998, as he was in the custody of the State of Vermont on this date and the time was not credited by the State. Id.

4

c.   Barratt was also awarded 530 days prior custody credit for the time period of
     December 2, 1998 (one day after discharge and release from State of Vermont
     sentence, Docket Number 568-4-98) through May 14, 2000 (one day prior to
     federal sentencing). Id. This credit was given pursuant to 18 U.S.C. § 3585(b),
     because Barratt was in continuous custody during this time period, and it was not
     credited to any sentence imposed by the State of Vermont. Scannell Declaration,
     Document 1e.

d.   Barratt did not receive any jail credit for the time period from April 16, 1998
     through December 1, 1998, as he was actively serving a State sentence during this
     time and received credit for this time from the State of Vermont when the State
     sentence was discharged and he was released on December 1, 1998. Scannell
     Declaration, Document 1d.

9.   Barratt's full term expiration date is November 30, 2006. Scannell Declaration,

Document 1c. Assuming Barratt is granted all remaining Good Conduct Time ("GCT")

available to him under 18 U.S.C. § 3624(b), his projected statutory release date on this

docket is December 13, 2005. Id.

## ARGUMENT

### Barratt is Not Entitled to the Relief He Seeks Regarding Credit for the 1998 Sentence Because the 1998 Sentence Had Been Credited by the State of Vermont and Discharged Prior to the Imposition of His Federal Sentence

Barratt's Petition for release should be dismissed because there is no merit to his claim

that he is entitled to Federal credit for his 1998 Sentence (State of Vermont sentence from April

16, 1998 through December 1, 1998, Scannell Declaration, Document 1d). The District Court

lacked the authority to credit Barratt for the 1998 Sentence as part of the 96 month Federal

sentence imposed and commenced on May 15, 2000.

5

Through the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 et seq., Congress has

established the boundaries for calculation of a Federal term of imprisonment, including when

such a term should be commenced, whether and when a defendant should receive credit for time

spent in custody before the Federal sentence has commenced, and whether the sentence should

run concurrently or consecutively with another sentence. 18 U.S.C. §§ 3584 and 3585.

Section 3585, 18 U.S.C. § 3585, provides in pertinent part as follows:

(a) Commencement of sentence. – A sentence to a term of imprisonment
commences on the date the defendant is received in custody awaiting
transportation to, or arrives voluntarily to commence service of sentence at, the
official detention facility at which the sentence is to be served.

(b) Credit for prior custody. – A defendant shall be given credit toward the service
of a term of imprisonment for any time he has spent in official detention prior to
the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested
after the commission of the offense for which the sentence was imposed;

### *that has not been credited against another sentence.*

18 U.S.C.A. § 3585 (emphasis added).

In the instant case, by the express terms of section 3585(a), the District Court lacked

authority to determine that Barratt's service of his federal sentence commenced on any day prior

to the issuance of that sentence on May 15, 2000. Additionally, section 3585(b) allows for a

credit for official detention prior to the date the sentence commences only if that detention has

not been credited against another sentence. Pursuant to these statutory limitations, the BOP

credited Barratt for his time spent in custody for the period of time between December 2, 1998

and his sentencing on May 15, 2000, because that time had not been credited to any other

6

sentence. Scannell Declaration, Document 1c. The BOP did not credit Barratt for the 1998

Sentence (April 16, 1998, through December 1, 1998), because that period of time had already

been credited toward his State of Vermont sentence for Stolen Property and Violation of

Conditions of Release (Docket Number 568-4-98). Scannell Declaration, Document 1d; Petition,

at Addendum C.

This application of section 3585(b) by the BOP to Barratt's sentence computation has

substantial judicial support. The Supreme Court has explained that through section 3585(b)

"Congress made clear that a defendant could not receive a double credit for his detention time."

United States v. Wilson, 503 U.S. 329, 337 (1992). The Second Circuit has also concluded that

because the issuance of credit for time served in custody is limited to time that has not been

credited to another sentence, "a defendant has no right to credit on his federal sentence for time

that has been credited against his prior state sentence." United States v. Labeille-Soto, 163 F. 3d

93, 99 (2d Cir. 1998). More directly, Judge Gorton of this Court has held that section 3585(b) is

intended to prohibit double-credit, i.e. "awarding credit for presentence time served against one

sentence if that time has already been credited against another sentence." U.S. v. Mojabi, 161 F.

Supp. 2d 33, 36 (D. Mass. 2001).[3]

---

[3]     The Third Circuit has noted that "the majority of courts addressing this issue have
determined that section 3585(b) generally prohibits an award of "double credit." Rios v. Wiley,
201 F.3d 257, 272 (3d Cir. 2000) (citations omitted) (agreeing with the body of case law
interpreting the plain language of § 3585(b) and finding that the section does not authorize a
district court to award a credit for a 22-month time period that had been credited against a state
sentence).

Even if Barratt were entitled to credit for time served, the District Court would have still

overstepped its authority because section 3585(b) authorizes the Attorney General, acting

through the Bureau of Prisons, to make such a credit, not a sentencing court. Wilson, 503 U.S. at

335 (concluding that "§ 3585(b) does not authorize a district court to compute credit at

sentencing.").

Similarly, Barratt's contention that 18 U.S.C. § 3584, authorized the District Court to

allow his 1998 Sentence to run concurrently with his Federal sentence is misplaced and out of

context. Petition at ¶¶ 8-9. Under 18 U.S.C. § 3584, the District Court also lacked authority to

award federal credit for the 1998 Sentence.

Section 3584(a) provides in pertinent part as follows:

(a) Imposition of concurrent or consecutive terms. – If multiple terms of
imprisonment are imposed on a defendant at the same time, or if a term of
imprisonment is imposed on a defendant who is already subject to an
*undischarged* term of imprisonment, the terms may run concurrently or
consecutively, except that the terms may not run consecutively for an attempt and
for another offense that was the sole objective of the attempt. Multiple terms of
imprisonment imposed at the same time run concurrently unless the court orders
or the statute mandates that the terms are to run consecutively. Multiple terms of
imprisonment imposed at different times run consecutively unless the court orders
that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added).

Section 3584(a) establishes the rules for determining whether a sentence runs

consecutively or concurrently for two types of situation: (1) where multiple terms of

imprisonment are imposed on a defendant at the same time, and (2) where a term of

imprisonment is imposed on a defendant who is already subject to an *undischarged* term of

imprisonment.

8

At the time Barratt was sentenced by the District Court in Vermont, Barratt was not facing multiple terms of imprisonment imposed at the same time, and he was no longer subject to an *undischarged* term of State imprisonment that was pending or imposed at a different time. Because Barratt was sentenced to time served for his State offences on December 1, 1998, his State sentence had been completed and discharged and credited by the State of Vermont more than 15 months prior to the District Court's sentence issued on May 15, 2000.

In interpreting § 3584(a), the Second Circuit has concluded that "[f]rom this section's use of the modifier 'undischarged,' it may reasonably be inferred that Congress did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed." Labeille-Soto, 163 F. 3d at 98. The court in Labeille-Soto supports its inference by pointing out that the section of the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act, that addresses the circumstances in which a new sentence should run concurrently or consecutively to a prior sentence is entitled, "Imposition of a Sentence on Defendant Subject to an *Undischarged* Term of Imprisonment" (emphasis added by court). Id., citing Guidelines § 5G1.3.

The First Circuit has quoted Labeille-Soto for the explanation that "there is no provision either in the [Sentencing Reform] Act (i.e. section 3584) or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged. If the defendant has completed his state prison term *before the federal sentence is imposed,* § 5G1.3 does not apply, and his federal prison term cannot be imposed concurrently." United States v. Ramirez, 252 F.3d 516,519 (1st Cir. 2001) (emphasis added by court); see also United States v. Knight, 9 Fed. Appx. 355 (6th Cir. 2001)

9

(concluding that a federal defendant whose state sentence was fully served at the time of sentencing was not entitled to credit for time served on state offense, despite claim that federal prosecution had been intentionally delayed).

In summary, the Federal District Court in Vermont had no authority to credit Barratt with time served for a period of time that had already been credited to his state sentence. Additionally, the District Court lacked authority to order that the Federal sentence be served concurrently with a State sentence that had already been discharged. Because the District Court lacked the authority to credit Barratt with time served under a previously discharged state sentence, the Court's expression of intent to credit Barratt with time served since his arrest on April 15, 1998, is, at best, a non-binding recommendation to the BOP.

## CONCLUSION

Based on the foregoing, Barratt's Petition for habeas corpus should be dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney

By: _____

Anton P. Giedt
Assistant U.S. Attorneys
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3967 (Fax)

10

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned counsel certifies that pursuant to the requirements under Local Rule 7.1(A)(2), he has attempted to confer with Petitioner's counsel on this motion by phone on July 5 and 6, 2005, but was unable to reach Petitioner's counsel.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.

Boston, Massachusetts
DATE: July 7, 2005

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Petitioner's counsel of record by facsimile and by first class mail.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

| **PLAINTIFFS' COUNSEL:** | **AGENCY COUNSEL:** |
|---|---|
| Dawn Worsley Caradonna, Esq. | Ann Zgrodnik, Esq. |
| Law Office of Dawn Worsley Caradonna | Stephanie Scannell, Prlgi. |
| 193 Kinsley St. | FMC Devens, Box 880 |
| Nashua, NH 03060 | Ayer, MA 0143 |
| 603-546-0321 (Voice) | 978-796-1043 (Voice) |
| 603-546-0322 (Fax) | 978-796-1040 (Fax) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BERNARD BARRATT,

     Petitioner,

     v.

DAVID WINN,
Warden of Devens FMC,

     Respondent.

**Civil Action No. 05-40085-WGY**

MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS

# EXHIBIT   1

# DECLARATION OF STEPHANIE SCANNELL

# ("SCANNELL DECLARATION")

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNARD BARRATT,<br>      Petitioner, | )<br>)<br>) |
|       v. | )<br>) |
| DAVID WINN, Warden,<br>      Respondent. | )<br>)<br>)<br>) |

Civ. Action No. 04-CV-40085

## DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.    I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist at the Consolidated Legal Center located at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed at this position since approximately March 9, 2003, and have been with the BOP since October 6, 2002.

2.    In order to perform my official duties as Paralegal Specialist, I have access to numerous records regarding prisoners maintained in the ordinary course of business at FMC Devens. This information includes, but is not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on SENTRY, the Bureau of Prisons computerized data base.

3.    I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.    The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14, 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding sentence calculations.

5.    On June 30, 2005, I ran a SENTRY search to determine if inmate Bernard Barratt, Reg. No. 04207-082, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that Petitioner has not filed any Administrative Remedies at any of the Bureau's three required levels on the issue of his sentence calculation. Therefore, Petitioner has not exhausted his administrative remedies with regard to that is the subject of this Petition. A true and accurate copy Administrative Remedy Generalized Retrieval screen for inmate Bernard Barratt, Reg. No. 04207-082, is attached as **Document 1g**.

6.    Attached hereto, please find true and correct copies of the following documents:
      a.    Public Information Data for inmate Bernard Barratt, Register Number 04207-082, dated June 30, 2005;
      b.    Judgment and Commitment Order (attached in relevant part);
      c.    Sentencing Computation Data for inmate Bernard Barratt, Register Number 04207-082, dated June 30, 2005;
      d.    Docket No. 568-74-98, from Vermont District Court;
      e.    Docket No. 1612-9-98, from Vermont District Court;
      f.    Memorandum from P. Tepperman, Correctional Service Specialist, dated May 5, 2000;
      g.    Administrative Remedy Generalized Retrieval for inmate Bernard Barratt, Register Number 04207-082, dated June 30, 2005.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this $\underset{\sim}{30}^{th}$ day of June 2005

Stephanie J. Scannell
Paralegal Specialist
FMC Devens

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BERNARD BARRATT,

    Petitioner,

    v.

DAVID WINN,
Warden of Devens FMC,

    Respondent.

**Civil Action No. 05-40085-WGY**

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

## DOCUMENT 1a

DEVAA
PAGE 001
Case 4:05-cv-40085-WGY  Document 49 PRMAT Filed 07/07/2005  Page 17 of 48 6-30-2005
                                   *                          *        10:44:41
                          INMATE DATA
                       AS OF 06-30-2005

```
REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
                                           RACE/SEX...: WHITE / MALE
FBI NUMBER.: 53485K8                        DOB/AGE....: 07-09-1955 / 49
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 12-13-2005                      PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL    ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
DEV    A-DES      DESIGNATED, AT ASSIGNED FACIL 03-23-2004 1232 CURRENT
S18    RELEASE    RELEASED FROM IN-TRANSIT FACL 03-23-2004 1232 03-23-2004 1232
S18    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-23-2004 0724 03-23-2004 1232
BRO    HLD REMOVE HOLDOVER REMOVED             03-23-2004 0724 03-23-2004 0724
BRO    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 03-02-2004 1414 03-23-2004 0724
4-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 03-02-2004 1414 03-02-2004 1414
4-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-02-2004 1051 03-02-2004 1414
OTV    TRANSFER   TRANSFER                      03-02-2004 1051 03-02-2004 1051

G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 978-796-1000   FAX: 978-796-1118
OTV   A-DES        DESIGNATED, AT ASSIGNED FACIL  06-08-2000 1617 03-02-2004 1051
O-P   RELEASE      RELEASED FROM IN-TRANSIT FACL  06-08-2000 1617 06-08-2000 1617
O-P   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-24-2000 0927 06-08-2000 1617
CBN   ADMIN REL    ADMINISTRATIVE RELEASE         05-24-2000 0927 05-24-2000 0927
CBN   A-ADMIN      ADMINISTRATIVE ADMISSION       05-24-2000 0921 05-24-2000 0927

G0002        MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40085-WGY  Document 4  Filed 07/07/2005    Page 19 of 48
INMATE DATA
AS OF 06-30-2005

REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010     ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000     FAX: 978-796-1118
PRE-RELEASE PREPARATION DATE: 06-13-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-13-2005 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: VERMONT
DOCKET NUMBER...................: 1:99-CR-12-01
JUDGE...........................: MURTHA
DATE SENTENCED/PROBATION IMPOSED: 05-15-2000
DATE COMMITTED..................: 06-08-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118

                  FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:   $100.00         $00.00           $00.00       $00.00

RESTITUTION...:   PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 132
OFF/CHG: T18USC:922(J),924(A)(2); KNOWINGLY POSSESSED STOLEN FIREARM

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  96 MONTHS
  TERM OF SUPERVISION............:   3 YEARS

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
 DATE OF OFFENSE................: 04-15-1998

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-10-2004 AT OTV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 05-15-2000
TOTAL TERM IN EFFECT............:    96 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS
EARLIEST DATE OF OFFENSE........: 04-15-1998


G0002      MORE PAGES TO FOLLOW . . .

```
REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-15-1998   04-15-1998
                                    12-02-1998   05-14-2000

TOTAL PRIOR CREDIT TIME.........: 531
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 352
TOTAL GCT EARNED................: 297
STATUTORY RELEASE DATE PROJECTED: 12-13-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-30-2006


PROJECTED SATISFACTION DATE.....: 12-13-2005

G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 04207-082 NAME: BARRATT, BERNARD C
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
PROJECTED SATISFACTION METHOD...: GCT REL


S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BERNARD BARRATT,

      Petitioner,

         v.                    **Civil Action No. 05-40085-WGY**

DAVID WINN,
Warden of Devens FMC,

      Respondent.

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

## DOCUMENT 1b

# United States District Court

## DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| **BERNARD C. BARRATT** | Case Number: **1:99-CR-12-01** |
| | **Thomas Zonay, Esq.** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  **1 of the Superseding Information**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922 (j); 924(a )(2) | Knowingly possessed stolen firearm | 4/15/1998 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **1 and 2 of the Indictment** _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Social Security No.:  **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** | **05/15/2000** |
| Defendant's Date of Birth:  **07/09/1955** | Date of Imposition of Judgment |
| Defendant's USM No.:  **04207-082** | |
| Defendant's Residence Address: | |
| **Woodstock Regional Correctional Facility** | |
| **Woodstock, VT 05091** | Signature of Judicial Officer |
| **LKA: Lowell Trailer Court, Putney, VT** | **Honorable J. Garvan Murtha** |
| Defendant's Mailing Address: | **Chief U.S. District Judge** |
| **Woodstock Regional Correctional Facility** | Name and Title of Judicial Officer |
| **Woodstock, VT 05091** | **05/15/2000** |
| **LKA: Lowell Trailer Court, Putney, VT** | Date |

I hereby attest and certify on 5/15/2000 the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont

BY: _____ Deputy Clerk

**JUDGMENT ENTERED ON DOCKET**
DATE:  5/15/00

DEFENDANT:        BERNARD C. BARTLATT

CASE NUMBER:    1:99-CR-12-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **96 months**,

**to be served concurrently with any State sentence to be imposed on any pending charges resulting from defendant's arrest on April 15, 1998, and any State charges for which defendant has been sentenced related to this offense. It is the Court's intention that defendant be credited with time served since his arrest on April 15, 1998.**

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Partial Return: The subject was turned over to the Airlift at Manchester, NH on __9/6/00__ for further transfer.

John H. Sinclair
United States Marshal

By: _____

Deputy U.S. Marshal

Defendant delivered on __6-8-00__ to _____

at __FEDERAL CORRECTIONAL INSTITUTION__ , with a certified copy of this judgment.
    P.O. BOX 600, 2 MILE DRIVE
    OTISVILLE, NY 10963

FREDRICK MENIFEE, WARDEN
~~United States Marshal~~

By __T. PATTON__
~~Deputy U.S. Marshal~~ c/k

DEFENDANT: BERNARD C. B. ..RATT
CASE NUMBER: 1:99-CR-12-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years .**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

### See Special Conditions of Supervision - Page 4

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        BERNARD C. BARRATT
CASE NUMBER:    1:99-CR-12-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the U. S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the Probation Officer based on ability to pay or the availability of third party payment. The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall participate in a mental health program approved by the U. S. Probation Office. The defendant shall contribute to the cost of services rendered in an amount to be determined by the Probation Officer based on ability to pay or the availability of third party payment.

DEFENDANT:       BERNARD C. BARRATT

CASE NUMBER:    1:99-CR-12-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **Totals:** | $ | **100.00** | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  _____

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.
    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

        **Totals:  $         0.00   $            0.00**

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        BERNARD C. B. RATT
CASE NUMBER:      1:99-CR-12-01

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $_____ immediately, balance due (in accordance with C, D, or E ); or

C  ☐  not later than _____; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____
      over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BERNARD BARRATT,

    Petitioner,

      v.

DAVID WINN,
Warden of Devens FMC,

    Respondent.

**Civil Action No. 05-40085-WGY**

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

## DOCUMENT 1c

```
  DEVAA  540*23 *              SENTENCE MONITORING              *      06-30-2005
PAGE 001         *             COMPUTATION DATA                 *      10:46:49
                               AS OF 06-30-2005

REGNO..: 04207-082 NAME: BARRATT, BERNARD C


  FBI NO...........: 53485K8                DATE OF BIRTH: 07-09-1955
  ARS1.............: DEV/A-DES
  UNIT.............: H SOMP                  QUARTERS.....: H01-111U
  DETAINERS........: NO                      NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 06-13-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-13-2005 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: VERMONT
DOCKET NUMBER...................: 1:99-CR-12-01
JUDGE...........................: MURTHA
DATE SENTENCED/PROBATION IMPOSED: 05-15-2000
DATE COMMITTED..................: 06-08-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  132
OFF/CHG: T18USC:922(J),924(A)(2); KNOWINGLY POSSESSED STOLEN FIREARM

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   96 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  DATE OF OFFENSE................: 04-15-1998




G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVAA  540*23 *             SENTENCE MONITORING            *      06-30-2005
PAGE 002 OF 002 *             COMPUTATION DATA                *      10:46:49
                              AS OF 06-30-2005

REGNO..: 04207-082 NAME: BARRATT, BERNARD C

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-10-2004 AT OTV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 05-15-2000
TOTAL TERM IN EFFECT............:  96 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   8 YEARS
EARLIEST DATE OF OFFENSE........: 04-15-1998

JAIL CREDIT.....................:  FROM DATE       THRU DATE
                                   04-15-1998      04-15-1998
                                   12-02-1998      05-14-2000

TOTAL PRIOR CREDIT TIME.........: 531
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 352
TOTAL GCT EARNED................: 297
STATUTORY RELEASE DATE PROJECTED: 12-13-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-30-2006


PROJECTED SATISFACTION DATE.....: 12-13-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BERNARD BARRATT, | |
| Petitioner, | |
| v. | **Civil Action No. 05-40085-WGY** |
| DAVID WINN, Warden of Devens FMC, | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

## DOCUMENT 1d

Docket No.  568-4-98 Wmcr       State vs. Barratt, Bernard Cha568-4-98 Wmcr

Vermont District Court
Unit 1, Windham Circuit

rosecutor:    Susan B. Kennedy           Defendant:      Bernard Charles Barratt
                                         DOB:            07/09/1952
ptions pdg:                              POB:            St. Albans, Vt
ail set:                                 Atty:           Piyush Chandra PD
ncarcerated:  Woodstock Regional Correctional Facility
              Conditions:                Aliases:
ase Status:                              Address:        Woodstock Correctional Fac
    Disposed                                             62 Pleasant St.
                                                         Woodstock VT 05091
ext Hearing:

=====================================================================
spt  Docket No.    Ct.  Offense                          Statute           F/M/O
=====================================================================
     568-4-98 Wmcr   1   POSSESS STOLEN PROPERTY - MI13  2561(b)            mis
                                                 12/01/98  Plea guilty
     568-4-98 Wmcr   2   VIOLATION OF CONDITIONS OF R13  7559(E) VRCRP 42mis
                                                 11/17/98  Dismissed by state
=====================================================================

04/15/98   Cash bail set by David Howard on dispute 1-2. Amount this dispute(s):
           10000.00, Total: 10000.00. Condition[s] 1-3,10,13,15-16 imposed; No
           10: to post $$10000.00 cash or surety bail; No. 15: to appear in
           court on 4/16/98 at 12:30 p.m. No 16: subject to arrest without
           warrant if does not appear per Condition 1,2,3,10,13,15.
04/16/98   Information and Affidavit filed on 2 disputes.
           Dispute 1 is Docket No. 568-4-98 Wmcr Count #1, POSSESS STOLEN
           PROPERTY - FELONY, Felony, 13 V.S.A. sec. 2561(B). Alleged offense
           date: 04/15/98. Arrest/citation date: 04/15/98 by Windham CSD.
           Dispute 2 is Docket No. 568-4-98 Wmcr Count #2, VIOLATION OF
           CONDITIONS OF RELEASE, Misdemeanor, 13 V.S.A. sec. 7559(E) VRCRP 42.
           Alleged offense date: 04/15/98. Arrest/citation date: 04/15/98 by
           Windham CSD.
           Probable Cause found by Judge John P. Wesley on disputes 1-2.
           Arraignment set for 04/16/98 at 01:00 PM.
           Arraignment held by John P. Wesley. (TAPE).
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           disputes 1-2. Pre-trial discovery order issued.  Public Defender
           requested.
           Attorney assigned: Public Defender.
           Cash bail set by John P. Wesley on dispute 1-2. Amount this
           dispute(s): 25000.00, Total: 25000.00. Condition[s]
           1-3,6,10,12-14,16,18 imposed; No.6: to reside in Windham County; No
           10: to post $25000.000 cash or surety bail; No.14: not to associate
           with James and Karen Fennessy, No.14: not to harass same.  No 16:
           subject to arrest without warrant if does not appear per Condition
           1,2,3,5; Defendant shall report to the Brattlebor department of
           corrections Monday through Friday for an alco between the hours of
           4:30 and 5:30 pm. and on weekends to the Brattleboro Police
           Department between the hours of 8 and 10 am for alco.
           Mittimus for Failure to Give Bail issued.  Custody status: Woodstock
           Regional Correctional Facility. Conditions of Release signed by
           defendant.
           Status Conference set for 05/11/98 at 10:00 AM.
04/17/98   Attorney assigned: Piyush Chandra PD.
05/11/98   Status Conference held by John P. Wesley. (TAPE).
           Entry Order: Discovery letter was received today.  New charges are in

the works of being filed. Atty Chandra will be filing a Motion to
Review Bail and needs to know all charges which are outstanding
against this defendant. - State is awaiting the completion of other
investigations which will result in new charges, and requests that
this be set for another status. Per Atty Kennedy, there is an
outstandin g warrant from Iowa, but they are not willing to extradite
due to the cost involved. Also, there was a phone call from NY today
to the defendant re: an unpaid fine of $145.00 on a DC charge. There
is no detainer or extradition on that fine amount. Court will take
no further action on this. Matter to be reset for 6/22.
Status Conference set for 06/22/98 at 10:00 AM. **Defendant to be
transported for this hearing.**

05/18/98  Note: copies of affid to Woodstock.

06/10/98  Motion to Review Bail filed by Attorney Piyush Chandra PD for
Defendant Bernard Charles Barratt on disputes 1-2. Motion to Review
Bail given to judge.
Motion Hearing set for 06/12/98 at 02:00 PM. **Defendant to be
transported for this hearing.**

06/12/98  Motion Hearing held by John P. Wesley. (TAPE).
Entry Order: Defense is waiting to hear about some new charges to be
filed against the defendant. Because they are still unaware of the
charges, defense asks those not be brought up at this hearing.
Defendant requests to be released on conditions that will assure his
whereabouts. State asks that cash bail be continued. Deputy
Farnum's affidavit submitted to court for consideration. Court is
going to maintain the same conditions of release including the cash
bail. The Court has not been presented with a substantially different
view. Court believes the amount of bail is necessary. Motion to
reestablish conditions is denied.
Motion 1 (to Review Bail) denied by John P. Wesley. Parties notified
on the record.

06/19/98  1 document filed by Attorney Piyush Chandra PD for party 1: Stip to
Continue 6/22 Status.
Entry Order: As to Stip to Continue - approved.
Status Conference scheduled for 06/22/98 cancelled.

06/26/98  Note: REMEMBER WINDSOR FILE THAT WAS TRANSFERR ED TO BE HANDLED WITH
OUR FILE.

07/01/98  Appearance entered by Susan B. Kennedy.

07/07/98  Status Conference set for 08/10/98 at 10:00 AM. **Defendant to be
transported for this hearing. Also to be arraigned on new charges at
this hearing.**

08/10/98  Status Conference held by John P. Wesley. (TAPE).
Entry Order: Defendant present with his attorney. Atty Chandra
requesting a copy of the inventory of the items seized upon the
execution of the search warrant. Defendant to request this at the
Clerk's office. Atty Chandra also requests that a depo deadline be
set. Discussion on the record as to the upcoming charges which were
to be filed by the State - defendant hoping that these are filed as
soon as possible - Court orders depos be completed by 10/16; motions,
defense witness list and affirmative defenses by 10/23 - Brief
discussion as to the Windsor file which was transferred to this
court. As to the discovery in that case, Atty Chandra believes he has
received all the discovery. Court to set a motion deadline the same
as in the felony matter and put this matter on for status at the same
time. If matters are not resolved by then, the DWI from Windsor will
be split off and put on a separate trial track.
Status Conference set for 11/02/98 at 10:00 AM. **Defendant to be
transported for this hearing.** - "Statue" on DWI from Windsor County
to be held at the same time.

09/01/98  Motion to Dismiss LPFC filed by Attorney Piyush Chandra PD for
Defendant Bernard Charles Barratt on disputes 1-2. Motion to Dismiss
LPFC given to judge.

09/03/98  Entry Order: As to Motion to Dismiss LPFC - state to respond by
09/18/98.
Status Conference scheduled for 11/02/98 cancelled.

09/10/98  Note: Please call Darlene if motion set for hearing.

9/18/98  Memorandum in Opposition to Motion to Dismiss LPFC filed by Attorney
         Susan B. Kennedy for Plaintiff State.
         2 documents filed by Attorney Susan B. Kennedy for party 2:
         Withdrawal of Notice of Intent to; Proceed uner Habitual Offender
         Statute.
9/21/98  1 document filed by Attorney Susan B. Kennedy for party 2: Notice of
         Amendment.
9/22/98  Motion to Review Bail filed by Attorney Piyush Chandra PD for
         Defendant Bernard Charles Barratt on disputes 1-2. Motion to Review
         Bail given to judge.
19/23/98 Motion Hearing set for 10/01/98 at 03:00 PM.  **Defendant to be
         transported for this hearing. To also be arraigned on new charges
         during this hearing.**.
         Motion 2 (to Dismiss LPFC) rendered moot by Paul F. Hudson.  Motion
         moot by amendment of information to misdemeanor PSP.
10/01/98 Motion Hearing held by Paul F. Hudson. (TAPE).
         Note:.
         Attorney Piyush Chandra PD withdraws.
         Attorney assigned: Eileen Hongisto.
         Status Conference set for 11/02/98 at 09:00 AM.  **Final status re:
         11/17 jurydraw** - attorneys only.
10/05/98 Attorney Eileen Hongisto withdraws.
         Attorney assigned: Piyush Chandra PD.
10/26/98 Case status changed to Active - Ready for trial.
         Jury Drawing set for 11/17/98 at 08:30 AM.  **Defendant to be
         transported for this hearing.**.
         Settlement Conference set for 11/06/98 at 12:00 PM.  **Defendant to
         be transported for this hearing.**.
10/28/98 Charge amended to POSSESS STOLEN PROPERTY - MISD. Misdemeanor, 13
         V.S.A. sec. 2561(b) on dispute 1.
10/30/98 Status Conference scheduled for 11/02/98 rescheduled.
11/02/98 Entry Order: Defendant present this a.m. Atty Chandra could also file
         an additional motion by the end of the week. State objects to any
         motions being filed - Matter has now been reduced to a misdemeanor
         and the State is willing to settle for time served. Court will try
         to look at the affadavit but this matter to remain on 11/17. As to
         the other pending matter, Atty Hongisto, this is a first status and
         she requests deadlines to be set - Court orders depos and witness
         list by 12/18; motions and notices by 12/31 #568 to be set for ttconf
         11/6 at 12 noon.
11/06/98 Settlement Conference held by Paul F. Hudson. (TAPE).
         Entry Order: Oral motion to review probable cause made on the record
         by Atty Chandra. Court will review probable cause.  - Unless there
         is a signed plea agreement, Court will not be seeing this defendant.
         To remain on the 11/17 jurydraw.
11/12/98 Entry Order: Written Opinion in the file. Finding of probable cause
         is affirmed.  Case remains on the 11/17 jurydraw.
11/17/98 Change of plea held by Paul F. Hudson. (TAPE).
         Defendant pleads nolo contendre on dispute 1. Plea agreement filed.
         Judge Paul F. Hudson accepts plea after finding it to be voluntary
         and made with knowledge and understanding of the consequences and
         after a knowing waiver of constitutional rights.  Plea found to have
         a factual basis.  Adjudication of guilty entered.
         Dispute 2: Dismissed by state. Judgment of No judgment entered by
         Judge Paul F. Hudson on dispute 2.
11/18/98 Sentencing Hearing set for 12/01/98 at 10:00 AM.  **Defendant to be
         transported for this hearing.**.
12/01/98 Sentencing Hearing held by Paul F. Hudson. (TAPE).
         Sentence on dispute 1: to serve 0 to 228 day(s)
          to start on 12/01/98 per Judge Paul F. Hudson. Credit for time
         served since 04/16/98.  credit for 228 days.  Sentencing Mittimus to
         Commissioner of Corrections issued.
         .
         Judgment of Guilty entered by Judge Paul F. Hudson on dispute 1.
         Case closed.
         Motion 3 (to Review Bail) rendered moot.

Jury Drawing set for 11/17/98 at 08:30 AM.  **Defendant to be
transported for this hearing.**.
Jury Drawing held by Paul F. Hudson. (TAPE).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BERNARD BARRATT,

  Petitioner,

  v.                                   Civil Action No. 05-40085-WGY

DAVID WINN,
Warden of Devens FMC,

  Respondent.

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

# DOCUMENT 1e

MAY. -16' 00 (TUE) 13:50    Case 4:05-cv-40085-WGY    Document 4    Filed 07/07/2005    Page 40 of 48    P. 011

05/05/2000  10:03    8024574413                      WOODSTOCK REGIONAL C              PAGE  82
FRI-05-2000  08:43  FROM  DISTRICT COURT OF UT.        TO  9-1002457441379580    P.22

Docket No.  1612-9-98 Wmcr    State vs. Barratt, Bernard Cha 1612-9-98 Wmcr

Vermont District Court
Unit 1, Windham Circuit

| | | | | | |
|---|---|---|---|---|---|
| Prosecutor: | Christopher M. Cady | | Defendant: | Bernard Charles Barratt | |
| | | | DOB: | 07/09/1952 | |
| Motions pdg: | | | POB: | St. Albans, Vt | |
| Bail set: | | | Atty: | Joanne Baltz | |
| Incarcerated: | Woodstock CCC | | Aliases: | | |
| Case Status: | | | Address: | Woodstock Correctional Fac | |
| Disposed | | | | 62 Pleasant St. | |
| | | | | Woodstock VT 05091 | |

Next Hearing:

| Dspt | Docket No. | Ct. | Offense | Statute | | F/M/O |
|---|---|---|---|---|---|---|
| 1 | 1612-9-98 Wmcr | 1 | BURGLARY | 13 | 1201(A) | fel |
| | | | | 05/12/99 | Dismissed by court | |
| 2 | 1612-9-98 Wmcr | 2 | UTTERING FORGED INSTRUMENT - | 13 | 1802 | fel |
| | | | | 05/04/00 | Dismissed by court | |
| 3 | 1612-9-98 Wmcr | 3 | UNLAWFUL TRESPASS | 13 | 3705(D) | fel |
| | | | | 05/12/99 | Dismissed by court | |
| 4 | 1612-9-98 Wmcr | 4 | FALSE PERSONATION | 13 | 2001 | fel |
| | | | | 05/04/00 | Dismissed by court | |
| 5 | 1612-9-98 Wmcr | 5 | FALSE PERSONATION | 13 | 2001 | fel |
| | | | | 05/04/00 | Dismissed by court | |
| 6 | 1612-9-98 Wmcr | 6 | PETIT LARCENY | 13 | 2502 | mis |
| | | | | 05/12/99 | Dismissed by court | |
| 7 | 1612-9-98 Wmcr | 7 | CONTRIBUTING TO DELIQ OF MIN | 13 | 1301 | mis |
| | | | | 05/12/99 | Dismissed by court | |

09/25/98  Information and Affidavit filed on 7 disputes.
          Dispute 1 is Docket No. 1612-9-98 Wmcr Count #1, BURGLARY, Felony, 13
          V.S.A. Sec. 1201(A). Alleged offense date: 03/31/98. By Windham CSD.
          Dispute 2 is Docket No. 1612-9-98 Wmcr Count #2, UTTERING FORGED
          INSTRUMENT - FELONY, 13 V.S.A. Sec. 1802. Alleged offense
          date: 04/02/98. By Windham CSD.
          Dispute 3 is Docket No. 1612-9-98 Wmcr Count #3, UNLAWFUL TRESPASS,
          Felony, 13 V.S.A. Sec. 3705(D). Alleged offense date: 04/08/98. By
          Windham CSD.
          Dispute 4 is Docket No. 1612-9-98 Wmcr Count #4, FALSE PERSONATION,
          Felony, 13 V.S.A. Sec. 2001. Alleged offense date: 04/03/98. By
          Windham CSD.
          Dispute 5 is Docket No. 1612-9-98 Wmcr Count #5, FALSE PERSONATION,
          Felony, 13 V.S.A. Sec. 2001. Alleged offense date: 04/07/98. By
          Windham CSD.
          Dispute 6 is Docket No. 1612-9-98 Wmcr Count #6, PETIT LARCENY,
          Misdemeanor, 13 V.S.A. Sec. 2502. Alleged offense date: 03/31/98. By
          Windham CSD.
          Dispute 7 is Docket No. 1612-9-98 Wmcr Count #7, CONTRIBUTING TO
          DELIQ OF MINOR, Misdemeanor, 13 V.S.A. Sec. 1301. Alleged offense
          date: 03/31/98. By Windham CSD.
          2 documents filed by Attorney Susan B. Kennedy for party 2: Notice of
          Intent to Proceed Under; Habitual Offender etc.
09/27/98  Probable Cause found by Judge Paul F. Hudson on disputes 1-7.
          Arraignment set for 10/01/98 at 03:00 PM.
10/01/98  Arraignment held. PFH/TAPE. Public Defender requested.
          Attorney assigned: Eileen Mongisto.
          Note: Attorney French stands in as defendant's attorney today.
          Copy of Affidavit and Information given to defendant. 24 hour rule
          waived.

MAY. -16' 00(TUE) 13:50    Case 4:05-cv-40085-WGY    Document 4    Filed 07/07/2005 8    Page 41 of 48    P. 012

05/05/2000  10:03    8024574413                    WOODSTOCK REGIONAL C        PAGE  03
        FRI-05-2000  08:43  FROM  DISTRICT COURT OF VT.        TO   9-1802457441379580    P.03

Reading of Information waived.  Defendant pleads not guilty on
disputes 1-7.  Pre-trial discovery order issued.
Cash bail set by Paul F. Hudson on dispute 1-7. Amount this
dispute(s): 25000.00, Total: 25000.00. Condition[s] 1-3,6,10,13-14,16
imposed; No.6; to reside in Windham County; No 10: to post $25000.00
cash or surety bail; No.14: not to associate with Dale Felion and
residence, No.14: not to harass the same; No 16; subject to arrest
without warrant if does not appear per Condition 6, 14.
Mittimus for Failure to Give Bail issued.  Custody status: Woodstock
CCC. Conditions of Release signed by defendant.
Status Conference set for 11/02/98 at 10:00 AM.

10/09/98  1 document filed by Attorney Susan B. Kennedy for party 2: Notice of
Amendment to Ct 3 & 4.

11/02/98  Status Conference held.  PFH/TAPE.
Note: see entryorder 568-4-98.
Entry Order: Depos and defense witness list by 12/18; motions and
notices by 12/31.
Status Conference set for 01/04/99 at 10:00 AM.  **Defendant to be
transported for this hearing.**

11/05/98  1 document filed by Attorney Susan B. Kennedy for party 2: State's
offer.

11/30/98  Status Conference scheduled for 01/04/99 rescheduled.
Status Conference set for 01/12/99 at 02:00 PM.  **Rescheduled from
01/04/99. Defendant to be transported for this hearing.**

01/12/99  Status Conference held.  PFH/TAPE.
Entry Order: Defendant present with his attorney.  Atty Hongisto has
been attempting to notify key witnesses in this case since November.
Was informed today that they are in Iowa. State advises the Court
that they moved to Iowa on 12/15/98, and that these counts are ready
to proceed. There was an offer made as to resolution.  This matter to
go to the February list as a draw. Case Status:.
Jury Drawing set for 02/10/99 at 08:30 AM.  **Defendant to be
transported for this hearing.**

01/26/99  Jury Trial set for 03/04/99 at 08:30 AM.  **Defendant to be
transported for this hearing. Trial date designation.**

01/27/99  Motion to Withdraw filed by Attorney Eileen Hongisto for Defendant
Bernard Charles Barratt on disputes 1-7. Motion to Withdraw given to
judge.
1 document filed by Attorney Susan B. Kennedy for party 2: State's
offer.

01/28/99  Motion Hearing set for 02/01/99 at 01:45 PM.  **Motion hearing and
status conference.  Defendant to be transported for this hearing.**

02/01/99  Motion Hearing held.  PFH/TAPE.
Motion to Withdraw granted by Paul F. Hudson.  Parties notified on
the record.
Attorney Eileen Hongisto withdraws.
Entry Order: Alternate counsel to be assigned.
Attorney assigned: Walter G. French.
Jury Drawing scheduled for 02/10/99 cancelled.
Jury Trial scheduled for 03/04/99 cancelled.

02/08/99  Status Conference set for 02/16/99 at 02:00 PM.  **Defendant to be
transported for this hearing. Initial status with Atty Baltz. **.
Attorney assigned: Joanne Baltz.

02/16/99  1 document filed for party : Letter.
Status Conference held.  PFH/TAPE.
Entry Order: Defendant present with Atty Baltz.  Nothing has actually
been done except for collecting the discovery. There is an offer out
there which Atty Baltz would like to speak to her client about.
There have been no depos done. State would not object to Atty Baltz
having time to review the file to see what if any depos she would
like to take.  Court orders depositions to be concluded by 4/2/99;
motions and notices by 4/9/99. Case to the May jurydraw.
Jury Drawing set for 05/05/99 at 08:30 AM.  **Defendant to be
transported for this hearing.**

04/06/99  0 document filed by Attorney Joanne Baltz for party 1:.

04/08/99  1 document filed for party : Stip to Extend Deadlines.



| | |
|---|---|
| 04/09/99 | Entry Order: As to stip to extend deadlines - APPROVED. |
| 04/26/99 | Motion To Sever Counts filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on disputes 1-7. Motion To Sever Counts given to judge. |
| | Motion to Dismiss LFFC Cts. 1,3,6&7 filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on disputes 1,3,6-7. Motion to Dismiss LPFC Cts. 1,3,6&7 given to judge. |
| | Motion to Dismiss LPFC Ct. 2 filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on dispute 2. Motion to Dismiss LPFC Ct. 2 given to judge. |
| | Motion to Dismiss LPFC Cts. 4 & 5 filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on disputes 4-5. Motion to Dismiss LPFC Cts. 4 & 5 given to judge. |
| | Motion To Supress Consent Search filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on disputes 1-7. Motion To Supress-Consent Search given to judge. |
| | Motion To Supress - Procedural filed by Attorney Joanne Baltz for Defendant Bernard Charles Barratt on disputes 1-7. Motion To Supress - Procedural given to judge. |
| | Jury Drawing scheduled for 05/05/99 cancelled. |
| 05/10/99 | Memorandum in Opposition to Motion to Dismiss LPFC Cts. 4 & 5 filed by Attorney Susan B. Kennedy for Plaintiff State. |
| | Memorandum in Opposition to Motion to Dismiss LPFC Ct. 2 filed by Attorney Susan B. Kennedy for Plaintiff State. |
| 05/11/99 | Memorandum in Opposition to Motion To Sever Counts filed by Attorney Susan B. Kennedy for Plaintiff State. |
| | Memorandum in Opposition to Motion To Supress - Procedural filed by Attorney Susan B. Kennedy for Plaintiff State. |
| | Memorandum in Opposition to Motion to Dismiss LPFC Cts. 1,3,6&7 filed by Attorney Susan B. Kennedy for Plaintiff State. |
| | Memorandum in Opposition to Motion To Supress-Consent Search filed by Attorney Susan B. Kennedy for Plaintiff State. |
| 05/12/99 | Motion to Dismiss LPFC Cts. 1,3,6&7 granted by Paul F. Hudson. Counts 1,3,6&7 dismissed without prejudice. |
| | Dispute 1,3,6-7: Dismissed by court. Judgment of No judgment entered by Judge Paul F. Hudson on disputes 1,3,6-7. |
| | Motion To Supress - Procedural granted by Paul F. Hudson. State has filed no opposition to suppression. |
| | Motion Hearing set for 06/28/99 at 02:00 PM. |
| 05/14/99 | Note: Atty Kennedy on vacation 6/28 - resched. |
| | Motion Hearing scheduled for 06/28/99 rescheduled. |
| | Motion Hearing set for 07/12/99 at 02:30 PM. **Rescheduled from 6/28/99. 2 hours allotted for this hearing. Defendant to be transported for this hearing.** |
| 07/02/99 | Motion Hearing scheduled for 07/12/99 cancelled. |
| | Note: Atty Baltz unavailable for 7/13/99. |
| 09/01/99 | Motion Hearing set for 10/22/99 at 10:00 AM. **Defendant to be transported for this hearing.** |
| 09/13/99 | Motion Hearing scheduled for 10/22/99 rescheduled. |
| | Motion Hearing set for 10/22/99 at 02:00 PM. **Please note rescheduled time. Defendant to be transported for this hearing.** |
| 10/22/99 | Motion Hearing held. RG/TAPE. |
| 01/04/00 | Case Status: |
| 01/06/00 | Note: Per conversation with Joanne Baltz this date, schedule status in this case. Parties did not go forward with motion hearing before Judge Grussing. so motions are pending to be heard before Judge Suntag. Since the defendant has been sentenced on Federal charges, she suggests scheduling a status conference prior to scheduling the motions. |
| | Status Conference set for 01/11/00 at 02:00 PM. Scheduled after discussion with Attorney Baltz given defendant's recent Federal sentence. |
| 01/07/00 | Note: spoke with the supervisor on duty at WCC at 11:55 a.M. - advised him of upcoming hearing on 1/11/2000 with regard to the Federal government removing him to a federal facility because of recent federal sentence. |

Case 4:05-cv-40085-WGY    Document 4    Filed 07/07/2005    Page 43 of 48    P. 014

MAY. -16' 00 (TUE) 13:51                          TEL:802    6378

05/05/2000  10:03    8024574413         WOODSTOCK REGIONAL C          PAGE  05
      MAY-05-2000  08:45   FROM DISTRICT COURT OF VT.    TO   9-1802457441379580    P.05

01/10/00  Status Conference scheduled for 01/11/00 cancelled.
          Status Conference set for 01/14/00 at 02:30 PM.  **RESCHEDULED due to
          the availability of Attorney Balts.
01/14/00  Status Conference held.  DS/OFFREC.
          Entry Order: conference held in chambers. Defendant not transported.
          12D motions counts 2,4,5, State to file affidavits in opposition by
          1/28/00.  Defendant to file any memos by 2/4.  To be decided without
          a hearing.  No resolution.
01/31/00  Motion to Continue Response to LPFC Mtn filed by Attorney Susan B.
          Kennedy for Plaintiff State on disputes 2,4-5. Motion to Continue
          Response to LPFC Mtn given to judge.
          Appearance entered by Christopher M. Cady.
02/01/00  Entry Order: As to stipulation to extend response time to LPFC
          motion, GRANTED until 2/14/2000.  Case Status: Active - Under
          Advisement.
05/04/00  Entry Order: Per prior entry order and counsels' agreement. State was
          to file response with affidavits by 2/14/2000 and Court to decide
          without further hearing - no such response having been filed. Counts
          2,4 & 5 are DISMISSED.
          Dispute 4-5: Dismissed by court. Judgment of No judgment entered by
          Judge David Suntag on disputes 4-5.
          Motion to Dismiss LPFC Cts. 4 & 5 granted by David Suntag.
          Dispute 2: Dismissed by court. Judgment of No judgment entered by
          Judge David Suntag on dispute 2.  Case Closed.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BERNARD BARRATT,

    Petitioner,

       v.

DAVID WINN,
Warden of Devens FMC,

    Respondent.

**Civil Action No. 05-40085-WGY**

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

## DOCUMENT 1f

**DEPARTMENT OF CORRECTIONS**                               **OFFICE MEMORANDUM**

**To:**  Jeff Payne, U.S. Marshall's Office

**From:** Pepper Tepperman, Correctional Service Specialist

**Date:** May 5, 2000              **Subject:**  Bernard Barratt
                                              DOB: 07-07-55

    This is to re-confirm our conversation of today concerning Mr.
Bernard Barratt's State of Vermont charges.  Enclosed you will find
a copy of the Windham District Court's DDR showing that all his
pending State charges have been dismissed.  I verified with Denise
Rumrill, Windham District Court Clerk that there are no additional
pending State of Vermont charges.

    Mr. Barratt can be picked up by the U.S. Marshall's at their
earliest convenience.  If you should have any further questions,
please contact me at 802-457-2310.

5 pages to this fax

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BERNARD BARRATT, | |
| Petitioner, | |
| v. | Civil Action No. 05-40085-WGY |
| DAVID WINN, Warden of Devens FMC, | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

# SCANNELL DECLARATION

# DOCUMENT 1g

DEVAA   Case 4:05-cv-40085-FDS-FWGYVE Document GENERLed 07/07/2005 EVPage 47 of 48 6-30-2005

```
         FUNCTION: LST SCOPE: REG    EQ 04207-082    OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM              THRU              DT STS: FROM            THRU
DT STS: FROM      TO      DAYS BEFORE "OR" FROM     TO     DAYS AFTER DT RDU
DT TDU: FROM      TO      DAYS BEFORE "OR" FROM     TO     DAYS AFTER DT TRT
STS/REAS:
SUBJECTS:
EXTENDED:   REMEDY LEVEL:              RECEIPT:          "OR" EXTENSION:
RCV  OFC : EQ
TRACK:  DEPT:
       PERSON:
        TYPE:
EVNT FACL: EQ
RCV FACL.: EQ
RCV UN/LC: EQ
RCV QTR..: EQ
ORIG FACL: EQ
ORG UN/LC: EQ
ORIG QTR.: EQ


G0002      MORE PAGES TO FOLLOW . . .
```

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT---------------------- | | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 371057-F1 | 13IM/ DEV | PSF APPEAL DEV | $03-21-2005$ | CLD | $04-18-2005$ |
| 371057-R1 | 13IM/ NER | PSF APPEAL DEV | $04-28-2005$ | REJ | $04-28-2005$ |
| 371057-R2 | 13IM/ NER | PSF APPEAL DEV | $05-06-2005$ | REJ | $05-16-2005$ |

```
              3 REMEDY SUBMISSION(S) SELECTED
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```